# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| In re: | |
| LECLAIRRYAN PLLC, | Chapter 7 |
| Debtor. | Case no. 19-34574 (KRH) |
| Lynn L. Tavenner, as Chapter 7 Trustee, | |
| Plaintiff, | Adv. Pros. 20-03142 (KRH) and |
| v. | 21-03095 (KRH) |
| ULX Partners, LLC, UnitedLex Corporation, and ULX Managers, LLC | |
| Defendants. | |
| Lynn L. Tavenner, as Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | |
| CVC Capital Partners, Daniel Reed, Nicholas Hinton, Josh Rosenfeld, P. Douglas Benson | |
| Defendants. | |

## **THE UNITED STATES TRUSTEE'S NOTICE OF APPEAL**

Kathryn R. Montgomery, AUST (Va. Bar No. 42380)
Shannon Pecoraro (Va. Bar No. 46864)
Jason B. Shorter (Va. Bar No. 80929)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

**Part 1: Identify the appellant**

1. Name of appellant:

   John P. Fitzgerald, III, Acting United States Trustee for Region Four

2. Position of appellant in the bankruptcy case that is the subject of this appeal:

   United States Trustee (*See* 11 U.S.C. § 307; 28 U.S.C. §§ 581(A)(4) and 586)

**Part 2: Identify the subject of this appeal**

1. Describe the judgments, orders or decrees appealed from:

   - Order Granting Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment Under Section 328(a); and (II) Granting Related Relief (ECF No. 1453), attached hereto as <u>Exhibit 1</u>.

2. State the date on which the judgments, orders, or decrees were entered:

   June 28, 2022.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgments, orders, or decrees appealed from and the names, addresses and telephone numbers of their attorneys:

**APPELLEE**:

***Lynn Tavenner, Chapter 7 Trustee for LeClairRyan PLLC***

   Paula S. Beran
   Tavenner & Beran, PLC
   20 North Eighth Street, Second Floor
   Richmond, VA 23219
   804-783-8300
   pberan@tb-lawfirm.com

   Erika L. Morabito
   Brittany Jane Nelson
   Quinn Emanuel Urquhart & Sullivan

- 2 -

1300 I Street, NW, Suite 900
Washington, DC 20005
(202) 528-8334
erikamorabito@quinnemanuel.com
brittanynelson@quinnemanuel.com

**OTHER INTERESTED PARTIES:**

***LeClairRyan PLLC, Debtor***

Tyler P. Brown
Jason William Harbour
Henry Pollard Long, III
Jennifer Ellen Wuebker
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200
tpbrown@huntonak.com

***Foley & Lardner, LLP, Objector***

Susan Poll Klaessy
Foley & Lardner LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
(312) 832-4500
spollklaessy@foley.com

***ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC, Defendants in Adversary Proceeding 20-03142 and Parties to Settlement Agreement***

David G. Barger
Thomas J. McKee, Jr.
J. Gregory  Milmoe
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
(703) 749-1300
bargerd@gtlaw.com

***CVC Capital Partners, Defendant in Adversary Proceeding 21-03095 and Party to Settlement Agreement***

    Michael E. Hastings
    Woods Rogers PLC
    901 East Byrd Street, Suite 1550
    Richmond, VA 23219
    (804) 956-2049
    mhastings@woodsrogers.com

***Nicholas Hinton and Daniel Reed, Defendants in Adversary Proceeding 21-03095 Parties to Settlement Agreement***

    David G. Barger
    Thomas J. McKee, Jr.
    J. Gregory Milmoe
    Greenberg Traurig, LLP
    1750 Tysons Boulevard, Suite 1000
    McLean, Virginia 22102
    (703) 749-1300
    bargerd@gtlaw.com

***Josh Rosenfeld and P. Douglas Benson, Defendants in Adversary Proceeding 21-03095 Parties to Settlement Agreement***

    Georgina C. Shepard
    Arnall Golden Gregory, LLP
    1775 Pennsylvania Avenue, NW, Suite 1000
    Washington, DC 20006
    (202) 677-4902
    Georgina.shepard@agg.com

***CNA, Insurer and Party to Settlement Agreement***

    Margaret T. Karchmer
    Wiley Rein, LLP
    2050 M Street NW
    Washington, DC 20036
    202-719-4198
    mkarchmer@wiley.law

***Travelers Casualty and Surety Company of America, Insurer and Party to Settlement Agreement***

    Registered Agent:
    Corporation Service Company

100 Shockoe Slip, Floor 2
Richmond, VA 23219-4100

***Gary LeClair, Former Defendant in Adversary Proceeding 20-03142***

J. Scott Sexton
Andrew M. Bowman
Gentry Locke
10 Franklin Rd SE, Suite 900
Roanoke, VA 24011
(540) 983-9404
bowman@gentrylocke.com

William A. Broscious
William A. Broscious, Esq., PLC
P.O. Box 71180
Henrico, VA 23255
804-533-2734
wbroscious@broscious law.com

                                 Respectfully Submitted,

Dated: July 11, 2022                John P. Fitzgerald, III
                                          Acting United States Trustee, Region Four

                                  By: /s/ *Jason B. Shorter*
                                         Kathryn R. Montgomery (Va. Bar No. 42380)
                                         Shannon Pecoraro (Va. Bar No. 46864)
                                         Jason B. Shorter (Va. Bar No. 80929)
                                         Department of Justice
                                         Office of the United States Trustee
                                         701 East Broad Street, Suite 4303
                                         Richmond, Virginia 23219
                                         (804) 771-2310
                                         kathryn.montgomery@usdoj.gov
                                         shannon.pecoraro@usdoj.gov
                                         jason.b.shorter@usdoj.gov

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 11th day of July, 2022, a true and correct copy of the foregoing document was served via first class mail and/or electronic mail upon: (i) all parties and counsel requesting service via the Court's ECF system, (ii) the Appellee by counsel, (iii) all other interested parties by counsel or registered agent as set forth above, (iv) the 20 largest unsecured creditors as listed on the Debtor's schedules, (v) the Service List as defined by the governing Case Management Order, (vi) Foley & Lardner, and (vii) all Persons identified in paragraph 4 of the FAO Procedures Order (ECF 533), as modified by the Order Modifying Settlement Procedures for FAO Actions (ECF 929).

                By: /s/ Jason B. Shorter
                   Jason B. Shorter, Esq.

Case 3:23-cv-00474-REP  Document 1-30  Filed 07/21/23  Page 2 of 4 PageID# 804

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: LECLAIRRYAN PLLC,

           Debtor.

Case No. 19-34574-KRH

Chapter 7

## ORDER

This matter comes before the United States Bankruptcy Court for the Eastern District of Virginia (this "Court") upon the *Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment Under Section 328(a); and (II) Granting Related Relief* [ECF No. 1328] (the "Motion"), filed by Lynn Tavenner, (the "Trustee") in her capacity as Chapter 7 trustee for the bankruptcy estate of LeClairRyan PLLC (the "Debtor"), in the above-captioned bankruptcy case. The Motion seeks this Court's approval of a judicially mediated global settlement (the "Settlement Agreement") under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a copy of which is attached to the Motion as Exhibit A [ECF No. 1396]. The Settlement Agreement includes, inter alia, an improvident payment of $3.15 million (the "Improvident Payment") to the Trustee's special litigation counsel, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn").

John P. Fitzgerald, III, Acting United States Trustee for Region Four, (the "U.S. Trustee") objected [ECF Nos. 1333, 1370] (collectively, the "U.S. Trustee's Objection") to the Motion. Foley & Lardner LLP ("Foley") filed a limited objection [ECF No. 1365] to the Motion. The Court conducted a hearing (the "Hearing") on June 8, 2022. At the conclusion of the Hearing, the Court took the Motion under advisement.

For the reasons stated in the Court's Memorandum Opinion issued contemporaneously herewith, the Court having found that (A) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (C) notice of the Motion and hearing thereon was sufficient under the circumstances; and (D) the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish that the Settlement Agreement is fair and equitable and in the best interest of the Debtor's estate, its creditors, and all other parties in interest, and represents the sound business judgment of the Trustee, it is **ORDERED, ADJUDGED, and DECREED** that:

1. The U.S. Trustee's Objection is **OVERRULED**.

2. The Motion is **GRANTED** as set forth herein.

3. The Improvident Payment is **APPROVED**.

4. The Settlement Agreement is **APPROVED** in its entirety and in accordance with Bankruptcy Rule 9019.

5. The Trustee is authorized to take all action necessary to consummate and implement the Settlement Agreement, including but not limited to the execution and delivery of the Settlement Agreement.

6. Notwithstanding the foregoing or anything to the contrary contained herein, Quinn shall not be entitled to a contingency fee on the Improvident Payment. Instead, subject to the reservation of rights contained in paragraph 7 of this Order, Quinn will be entitled to a contingency fee of 35 percent of the net amount of total settlement amount less (A) certain costs and expenses and (B) the Improvident Payment.

7. Nothing herein shall modify paragraph 8 of the *Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan LLP as Special Counsel* [ECF No. 937

Case 3:24-cv-00555-HEH Document 1-1 Filed 07/28/22 Page 9 of 9 PageID# 24

at 3-4]. All rights, claims, and defenses with the respect to the apportionment of fees as between Quinn and Foley are hereby preserved pending further order of the Court.

8. Pursuant to the *Order to Seal Omnibus Settlement Agreement and Related Documents, Information, and Hearings* [ECF No. 1382], the unredacted Memorandum Opinion shall be sealed pending further order of the Court.

9. The Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

Dated: <u>  June 28, 2022  </u>      <u> /s/ Kevin R. Huennekens  </u>
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: <u>  June 28, 2022  </u>