_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
_____

### In re LECLAIRRYAN PLLC, Debtor.
_____

| | |
|---|---|
| JOHN P. FITZGERALD, III, | |
|     Appellant, | |
| v. | Case No. 22-00494 |
| LYNN TAVENNER, | |
|     Appellee. | |
| JOHN P. FITZGERALD, III, | |
|     Appellant, | |
| v. | Case No. 22-00515 |
| ULX PARTNERS, LLC, et al., | |
|     Appellees. | |
| JOHN P. FITZGERALD, III, | |
|     Appellant, | |
| v. | Case No. 22-00516 |
| ULX PARTNERS, LLC, et al. | |
|     Appellees. | |
| JOHN P. FITZGERALD, III, | |
|     Appellant, | |
| v. | Case No. 22-00517 |
| ULX PARTNERS, LLC, et al., | |
|     Appellees. | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

## MOTION TO CONSOLIDATE APPEALS

Appellant, John P. Fitzgerald, III, Acting United States Trustee (the "United States Trustee"), respectfully moves to consolidate the above-captioned appeals. All four appeals stem from the bankruptcy case *In re LeClairRyan PLLC*, Case No. 19-34574 (Bankr. E.D. Va.). The first appeal, *Fitzgerald v. Tavenner (In re LeClairRyan PLLC)*, Case No. 3:22-cv-00494 (the "Fee Appeal"), is from a bankruptcy court order awarding $3.15 million in additional fees to estate counsel. The other three appeals—*Fitzgerald v. ULX Partners, LLC (In re LeClairRyan PLLC)*, Case No. 3:22-cv-00515, *Fitzgerald v. ULX Partners, LLC (In re LeClairRyan PLLC)*, Case No. 3:22-cv-00516, and *Fitzgerald v. ULX Partners, LLC (In re LeClairRyan PLLC)*, Case No. 3:22-cv-00517 (the "ULX Appeals")—all are from the same decision of the bankruptcy court granting a motion to seal related filings.[1]

Because these appeals present related issues with overlapping facts, consolidating them will increase efficiency and reduce duplication of briefing and argument.

---

[1] Opposing counsel declined to consent to this motion to consolidate, asserting that it is premature at this time.

## BACKGROUND

### A.     The Order at Issue in the Fee Appeal.

The Fee Appeal is from a bankruptcy court order approving a $3.15 million payment to special litigation counsel for the bankruptcy estate.

The chapter 7 trustee sought approval of the $3.15 million payment as part of a motion that sought approval of a settlement agreement between the chapter 7 trustee, on behalf of the estate, and defendants she had sued, including ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC (collectively, "ULX"). Certain insurance companies are also parties to the settlement agreement.

The United States Trustee objected to the $3.15 million fee payment. Among other things, he argued that the chapter 7 trustee's asserted reasons for requesting the fee payment were insufficient to permit it.

### B.     The Decision at Issue in the ULX Appeals.

All three ULX Appeals are from the same decision: the bankruptcy court's decision granting ULX's motion to seal, among other things, the pleadings and hearing transcripts that led to the order on appeal in the Fee Appeal. The sealing decision was rendered in three bankruptcy matters, the main bankruptcy case (Case No. 19-34574) and two adversary proceedings (Adv. Case Nos. 20-03142 and 20-03095), resulting in three appeals. But all three arise from the same decision.

The Bankruptcy Code governs when bankruptcy filings can be sealed. Under 11 U.S.C. § 107:

> (a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

The filings under seal, with only redacted versions available or to be made available publicly, include:

1. the motion to approve the $3.15 million fee payment, ECF[2] 1328 (sealed);

2. the settlement agreement that contains the provision for the $3.15 million fee payment, ECF 1396 (sealed);

3. the United States Trustee's objection to the fee payment, ECF 1370 (sealed);

4. the transcripts of several hearings related to the fee payment, *see* ECF 1479 at 7-8 (sealed);

5. evidence proffered in support of the fee payment, *e.g.,* ECF 1374 (sealed); ECF 1380 (sealed); and

6. the bankruptcy court's opinion approving the fee payment, ECF 1452 (redacted).

---

[2] Unless otherwise stated, "ECF" refers to docket entries in the bankruptcy case below, Bankr. Case No. 19-34574-KRH.

The sealed portions of these documents primarily discuss the reasons purportedly justifying the $3.15 million fee payment.  *See* ECF 1479 at 9 (sealed); *see also, e.g.,* ECF 1452 at 29-31 (redacted opinion).  ULX argued that the sealed material discloses confidential settlement discussions and contains scandalous or defamatory material.  ECF 1479 at 9 (sealed).

The United States Trustee argued that these materials did not meet the standard for sealing.  Among other things, the United States Trustee argued that much of the material sought to be sealed had already been made public and, in any event, the material was not scandalous or defamatory.

In an oral ruling, the bankruptcy court granted the ULX motion to seal.

## ARGUMENT

Consolidation is warranted because of the extensive overlap in the record and issues in these appeals.  The parties to these appeals also substantially overlap, as the appellees in the ULX Appeals include parties to the settlement agreement that provided for the additional fee payment at issue in the Fee Appeal.

There is considerable overlap in the facts relevant to these appeals.  The central issue in the Fee Appeal is whether the bankruptcy court erred in approving the $3.15 million payment to the estate's special litigation counsel.  The primary documents that will be discussed in the Fee Appeal—including the motion seeking approval of the payment, the evidence that purportedly supports it, and the bankruptcy court's opinion approving it—are all subject to the sealing order at issue in the ULX Appeals.

And the sealed portions of those documents primarily discuss the reasons purportedly justifying the $3.15 million fee payment.  *See* ECF 1479 at 9 (sealed); *see also, e.g.,* ECF 1452 at 29-31 (redacted opinion).

In addition, central to all appeals is the reason for the $3.15 million payment. Among the issues in the Fee Appeal is whether the circumstances that purportedly justify the fee payment are a valid basis for the award.  At issue in the ULX Appeals is whether a description of those circumstances is defamatory or otherwise meets the standards for sealing documents under 11 U.S.C. § 107.

In short, all four appeals require discussion and argument about the reasons that purportedly justify the $3.15 million fee payment.  Because there is a substantial overlap in the facts and issues in these appeals, consolidating the appeals will greatly reduce redundancy in briefing them, prevent the need for separate but duplicative appendices, and will be more efficient for the parties and the Court.  If the Court grants this motion, counsel for the United States Trustee will confer with opposing counsel in the appeals regarding a schedule and length-limits for consolidated briefing.

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to consolidate the above-captioned appeals.

Respectfully submitted,

JOHN P. FITZGERALD, III
United States Trustee for Region 4

August 1, 2022

By /s/ Kathryn R. Montgomery
    Kathryn R. Montgomery
    Assistant United States Trustee

| | |
|---|---|
| RAMONA D. ELLIOTT | JOHN P. FITZGERALD, III |
| Deputy Director/General Counsel | Acting United States Trustee for Region 4 |
| P. MATTHEW SUTKO | |
| Associate General Counsel | KATHRYN R. MONTGOMERY |
| BETH A. LEVENE | Assistant United States Trustee |
| Trial Attorney | HUGH BERNSTEIN |
| | SHANNON PECORARO |
| Department of Justice | JASON B. SHORTER |
| Executive Office for | Trial Attorneys |
|   United States Trustees | |
| 441 G Street, NW, | Department of Justice |
| Suite 6150 | Office of the United States Trustee |
| Washington, DC 20530 | 701 E. Broad Street |
| Tel: (202) 307-1399 | Suite 4304 |
| E-mail: beth.a.levene@usdoj.gov | Richmond, VA 23219 |
| | E-mail: Kathryn.montgomery@usdoj.gov |

7

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with Bankruptcy Rule 8013(f)(3)(A) because, excluding the parts of the document exempted by Rule 8015(g), it contains 1,075 words.

I further certify that this document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because it has been prepared using a proportionally spaced typeface using Microsoft Word in Garamond 14-point font.

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery
Assistant United States Trustee

## CERTIFICATE OF SERVICE

I hereby certify that, on August 1, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery
Assistant United States Trustee